My name is Michael Johnson, and I represent the appellant in this matter, Justin Fields. I'm appearing under Supreme Court Rule 711. I'd ask for 12 minutes on the initial argument and 3 minutes in rebuttal. Tell me your name again, Counsel. Michael Johnson. Okay, Mr. Johnson, good morning to you. Good morning, Your Honors. Assistant Attorney General Lindsey depending on Respondent's argument, perhaps 10 to 15 minutes. Very good. Thank you. Mr. Johnson, you may proceed with your argument. Thank you. You should be advised, Mr. Johnson, that we have read the briefs. I would advise you to get to your most important argument first. Thank you. Proceed. May it please the Court, Justin Fields was involuntarily committed and ordered to a secure facility indefinitely. He should have received a fair trial, and he should have received a dispositional hearing. But he received neither one of those things. In our briefs, we've raised four issues, and today I'd like to focus on two of them. The first issue is that Mr. Fields was denied his statutory right to a dispositional hearing, and the second is that Mr. Fields was denied his right to a fair trial where the State made improper closing arguments. Turning to my first point, the State agrees that a hearing is required under Section 40B of the Sexually Violent Persons Commitment Act. But contrary to the State, no hearing took place here. It was clear after trial and in the record that no hearing would take place to all the parties. After trial, the Court asked the State what the State wanted to do. The State said that it wanted to have Mr. Fields civilly committed. The State asked, sorry, the Court asked for clarification, saying, do you mean as opposed to a dispositional hearing? And the State said, yes. Now, the combination of the State's concession here in Section 4 of their brief, that a hearing is required, combined with the State's request after trial that no hearing take place, provides a strong basis for this Court to reverse and remand for a dispositional hearing. What case do you have to support your position that there has to be a dispositional hearing? Even when the judge says, in this case, I believe he said, that he had enough information and that that wasn't necessary because he heard enough at trial to make that determination. People v. Winterhalter, which is a Third District case in the Appellate Court, held that a dispositional hearing is required. And additionally, the State has agreed in their brief that a hearing is required. Section 40B says that the Court shall enter a commitment order immediately after trial pursuant to a hearing held. Well, the Court in Winterhalter said that a hearing should be held. Isn't it a fact they didn't hold a hearing? Pardon? Isn't it a fact they did not hold a hearing in Winterhalter? In Winterhalter, they did not hold the most formal hearing, but they did give the Respondent an opportunity to present evidence, which he declined, and they gave Respondent's an opportunity to argue whether the Respondent is properly placed in conditional release or secure care. Both of those opportunities were denied to Appellant Fields in this case. In the Fields case, he specifically made a request to produce additional evidence? In this case, yes. Mr. Fields specifically requested to put on a witness at a dispositional hearing, and the trial court said that's if we have a dispositional hearing, but essentially I'm not going to have one. Was the witness there for a dispositional hearing that day? No, the witness was not there immediately after trial. That information is not on the record. Okay, so in Winterhalter, didn't the judge in that case decline to adjourn the proceedings to receive a doctor's report? Didn't he decline? The same thing you're saying that the judge said, we're not going to have a hearing another day, and so I'm not going to hear the doctor or the doctor's report. So didn't, in fact, the judge at Winterhalter do the same thing the judge did here? He said, we're going to take care of this right now. But he still gave the Respondent an opportunity to present additional evidence if he so desired, and he gave the Respondent an opportunity to argue those facts as it relates to conditional release or care in a secure facility. In this case, the only thing, the court never heard argument on that issue. The court did not hear any evidence related to the third factor that the court was required to consider under Section 40b-2, which is what arrangements are available to ensure that the Respondent has access to and will participate in treatment. None of that evidence was admitted at trial because that evidence would have been irrelevant to the question of whether Mr. Fields was a sexually violent person. Furthermore, introducing evidence related to an appropriate disposition would have been far more prejudicial than it would be probative because it would essentially be introducing evidence that Mr. Fields was a sexually violent person because in order to get conditional release or go into secure care, there already has to be a finding that he is a sexually violent person. Mr. Counsel, how do you reconcile that third district case with Tittlebach that was advanced or issued, handed down by the second district? In Tittlebach, my understanding is that the court heard testimony related to those factors about where the Respondent will live, how he will support himself, and what arrangements were necessary to ensure that he has access to and will participate in treatment. That evidence was introduced at trial, apparently without objection, and so the court did hear that evidence in that case. However, that's not the case here because that evidence was not admitted. Furthermore, under Section 25B, the court must give notice to the Respondent of any hearing conducted under the Sexually Violent Persons Commitment Act. There was no notice given here. Respondent was taken by surprise that the State would be asking for a dispositional hearing immediately following the trial. And Respondent was prejudiced by the State's request to have an immediate dispositional hearing. Respondent, by being foreclosed from cross-examining the State's experts on the treatment, were necessary for him to get conditional release or discharge at a later date. Now, at trial, Respondent had no motive to cross-examine the State's witnesses as to the appropriate disposition in this case. That would have been an appropriate issue for a dispositional hearing. And since Respondent's counsel was denied the opportunity to cross-examine these doctors as it relates to disposition, he has lost the opportunity to structure his treatment to ensure that he can get conditional release or discharge at a later date. Turning to my second point, that Mr. Fields Let me get to your first point first. Does the Act actually say that the judge has or does it say that if the judge does not have sufficient information at trial, he may then have a hearing? It doesn't say he shall have a hearing. Yes. Section 40B says that the judge shall enter an order pursuant to a hearing and that if he lacks sufficient information, he may adjourn the hearing and order a predispositional investigation. So our position on the statute is that it does require a hearing and that only in the case that the court lacks sufficient information would it adjourn the hearing, which is precisely what we're alleging is the situation here because the court heard no testimony related to Respondent's proper placement on conditional release or discharge, which would be the most critical factor in deciding what his most appropriate placement is, where, what treatment is available in the community, what treatment is available in the secure facility. And turning to my second point, the Respondent was denied a fair trial where the State made improper closing arguments. And this really has three sub-issues to it. The first is that the State made improper references to Mr. Fields' custodial status. The second is that the State made improper use of Wilson v. Clark testimony. And the third is that the State improperly shifted the burden of proof to Respondent to show that he was not a sexually violent person. Now on the first issue, the improper references to Respondent's custodial status. Prior to trial, Respondent asked for an order in limine precluding the State from making unnecessary and gratuitous references to Respondent's custodial status. The trial court granted it in part, holding that the State would be free to bring out evidence related to routine questions such as where the interview took place or how disciplinary tickets came to be. But during closing arguments, the State improperly referenced this by referencing the length of Mr. Fields' detention. Since 2007, he has been in the Department of Human Services facility, specifically focusing on sex offender treatment, and he has refused to participate in treatment. These comments were calculated to imply that Mr. Fields wasn't an SVP because he has been living with these SVPs since 2007. The second point is that the State improperly used Wilson v. Clark evidence in their closing argument. The State spent the first nine minutes of their closing argument reciting Respondent's past convictions and the details of those convictions. And after this was objected to, the State went on to say that even without an expert opinion, anyone can say that there's something wrong here. The State specifically urged the jury to consider that information without an expert opinion, which is exactly what is forbidden under Wilson v. Clark. That testimony was only admitted to explain the basis of the expert's opinion. Finally, in referencing Respondent's refusal to participate in treatment where the Respondent had no obligation to undergo treatment, the State effectively eroded and shifted the burden of proof onto Respondent. The legislature, the General Assembly, has sought to commit sexually violent persons through a fair and just process that requires a dispositional hearing following trial and a fair trial. The courts have held in the past that a fair trial involving expert testimony must involve this limited purpose evidence, that the basis of opinion must only be used for explaining the purpose, explaining the expert's opinion. That evidence should not have been admitted for its truth and should not have been argued for its truth. And these necessary safeguards to protecting Respondent's rights in this case were not followed. Counsel, the statements made by the prosecution in closing, weren't those objections forfeited by the failure to object at the time? The Respondent did object to at least two points in the closing argument. The first is after the State finished reciting his past crimes and said that he's had 25 probation violations or 25 violations. The Respondent objected there. The Respondent also objected to the reference to the Department of Human Services' custody. Right, twice. But the bailiffs were not objected to and consequently forfeited, weren't they? Well, our position is that those should be reviewed under plain error. And even if they're not, those remarks give context to the properly objected-to statements. And that's what People v. Wheeler, the Illinois Supreme Court case, held, that even if a statement is not objected to, it may be considered as giving context to the properly objected statements, which is how we urge the Court to view these issues in deciding. So your position is we should consider the entire closing argument, not just parts of it? Yes, Your Honor. Proceed, Mr. Johnson. And if there are no more questions, for those reasons and those in our briefs, we'd be asking for the Court to remand for a dispositional hearing or any alternative, a new trial. Mr. Johnson, you stand on your brief with respect to the two issues you have in writing, aren't you? Yes, Your Honor. Thank you. Thank you. Good morning again, Ms. Fink. Good morning, Your Honors. Please proceed with your argument. May it please the Court, Assistant Attorney General Lindsey Payne, on behalf of the People, I'd like to begin by addressing the dispositional hearing issue. And there's something that Your Honors keyed in on, and it's important to recognize that there's two separate issues that are presented by the statutory scheme. One, is there a right to a hearing? And two, is there a right to a continuance of that hearing? Now, the statute clearly answers both of those questions. As Respondent stated, the State has conceded that the statute does say that a dispositional hearing is to take place. But Section 40B1 of the Act also sets the default time for that hearing to take place as immediately following trial. As to the second issue, whether there's a right to a continuance, Section 40B1 also states that it's only if the Court lacks sufficient information to reach its dispositional ruling that a continuance should be granted. In a case like this, where one of the parties, where the Respondent maintains that he needs to present some additional evidence, should a hearing be held in that case, Counsel? Well, it's our position that a hearing is always to take place, but it's within the trial court's discretion to determine what that hearing looks like and when that hearing should take place. In this case, did the Court hear the evidence that the Respondent wanted to present? Yes. After judgment was entered? After judgment was entered, the Court did not hear additional evidence, but it did not need to hear additional evidence. In this case, all three of the statutory factors that are relevant to disposition were addressed. The three factors are the nature and circumstances of the Respondent's behavior that form the basis of the petition, the person's mental history and current mental state, and what arrangements are available to ensure that they have access to and will participate in treatment. Both of the experts testified to all three of these issues. And on top of that, if Respondent wanted to present additional evidence at a continued hearing, it was incumbent upon Respondent to make that record. If we analogize to the criminal context, a criminal defendant seeking a continuance of his trial to present a witness has to make a proffer, and he has to demonstrate through that proffer that the witness's testimony would be material and that he would be prejudiced by a denial of the motion for continuance. Here, it was only after the trial court ruled that it wasn't going to continue the hearing that Respondent's counsel said, I have a witness that I would like to present at a hearing. He did not say who this witness would be. He did not say how their testimony would be relevant and material to the dispositional ruling. Again, at post-trial briefing, there was no indication of who this witness was or what they would say. Respondent's counsel conceived that the witness was not there at the default time for the hearing to take place, and therefore, we have a cold record, and we can't say that the trial court abused its discretion in denying the continuance because we don't know what that witness would say. And it is within the trial court's discretion to deny the continuance if it has sufficient information. Here, it did, and I would disagree with counsel's statement that he was denied the continuance. To the contrary, the nature and circumstances of the behavior was relevant at trial. The experts testified to it because they testified that they relied upon Respondent's criminal background to diagnose him with pedophilia and diagnose him with antisocial personality disorder, and to determine that he has demonstrated a continuing lack of ability to control his impulses, both sexual and non-sexual. As to his mental history and present mental condition, again, they testified about their diagnoses. They testified that even throughout the course of the SVP litigation leading up to the trial, he had acted out in DHS custody. He had been producing and disseminating child pornography in the DHS facility. That was all brought out at trial. That was all relevant to disposition under the statute, and Respondent had the opportunity to cross-examine. On the third point, which he says no evidence was presented, which is the arrangements available to ensure that Respondent will have access to and will participate in treatment, again, each expert testified that despite residing in a DHS facility, Respondent had refused to participate in treatment. That's relevant to the dispositional ruling, and that came out, and if they had cross-examination, that would have been appropriate for trial. So, again, Respondent is incorrect that the court lacks sufficient information to make its dispositional ruling, and we would ask that the court affirm the judgment below, if you have no further questions on that point. Okay. Turning to Respondent's second argument regarding closing argument. As the court noted, there were only two objections that were made during closing argument. That was to the statements that Respondent had committed 25 probation violations, and that despite residing in a residential treatment facility, he had not participated in treatment. Both of those statements were made as an explanation of the experts' opinions in the case. The experts relied upon the 25 probation violations to diagnose Respondent with antisocial personality disorder, and to conclude that Respondent had demonstrated a lack of ability to control his impulses. They relied upon his refusal to participate in treatment, despite residing in a residential facility, to conclude that there are no mitigating factors that apply to the risk assessments of Respondent in this case. Moreover, they relied upon his custodial status to determine that he continues to show a lack of impulse control, in that he has been assaulting other residents of the DHS facility, and that he has, again, produced and disseminated child pornography in the facility. If we step back and put these statements in context, the people opened their closing argument by saying, the experts in this case told you their opinions. They diagnosed Respondent with mental disorder, and they told you that that mental disorder makes him substantially probable to commit future acts of sexual violence. So the people then say to the jury, and the experts told you what they relied upon in reaching that conclusion. So the entire closing argument was framed by saying, here's what the experts relied upon. On top of that, the jury was instructed numerous times as to the proper treatment of basis of opinion testimony. Immediately prior to both Dr. Leavitt and Dr. Gaskell's testimony in the case, the jury was instructed that the facts and circumstances of Respondent's criminal history is not substantive evidence. It should not be treated as such. It's only relevant to determining what way, if any, you accord the doctor's opinions in this case. The jury was again instructed as to that following closing arguments. They were again instructed in writing, and they were instructed that closing arguments are not, in fact, evidence in the case. So there's little reason to believe that any prejudice arose from these statements. We don't have any reason to believe that the jury disregarded these instructions, and they simply weren't error. I'd finally like to address the argument that the people told the jury that they can consider the facts and circumstances of Respondent's crimes without considering the experts' opinions in this case. As the Court noted, that argument is forfeited, and it also simply is not error or prejudicial under the plain error standard. Immediately after the statement that Respondent complains about, the prosecutor said, but the evidence you had in this case was two expert opinions, two psychologists to tell you exactly what that not normal thing going on was. So when read in context, what the prosecutor actually told the jury was, the evidence in this case is the expert opinions. It's not the underlying facts of Respondent's crimes. They directed the jury towards a proper consideration of the evidence. And again, the jury was instructed numerous times on the proper consideration of this evidence. Therefore, there is not error. There's not plain error. There's no prejudice to Respondent in this case. And if there's no further questions, we would ask the Court to affirm the judgment below. Thank you, Mr. Baker. I have three points in rebuttal. The first is that Section 40B, while requiring a hearing immediately following trial, is in contention with Section 25B, which requires notice to be given to the Respondent of any hearing that is conducted under the Sexually Violent Persons Act. Furthermore, although the State's characterization of this is that the trial court adjourned the hearing or refused to adjourn the hearing in response to Respondent's request to adjourn the hearing, that is not what the record reflects. The record reflects that the Respondent requested a hearing and that the trial court said that's if we have a hearing, I'm going to make that decision now without a hearing. There was no hearing. And for that reason, the trial court made clear that it would not hear testimony and an offer of proof would have been futile. Well, that's almost a semantics issue, right? Couldn't we construe that he blended the hearing with the trial and derived the information he needed to make a determination as to disposition from the information he garnered at the trial? And there was no compelling reason to adjourn the matter for a hearing in the future if there was no proffer as to, first, the identity of this witness that was suggested was going to testify, nor to what he would testify to. Well, the identity of the witness would have been known earlier on in the case when Respondent had an expert witness appointed to represent him. That information appears on page C-47 of the common law record. And secondly, the trial court did not think that it was holding a dispositional hearing. The trial court thought that it was permitted under the statute to make this decision without a hearing. Well, but it's implicit that he's garnering information from someone, someplace, right? Someone speaking at the trial. That's correct, Your Honor. And our position is that he could not have considered any of the information related to Section 40b-2, the third factor, because none of that was admitted at trial. And this brings me to my second point, that Respondent did not have a motive to cross-examine the expert's witnesses as to disposition, despite the state telling you that these two issues, his current mental status and his past behavior, were certainly relevant at trial as it relates to him being a sexually violent person. The motive to cross-examine at trial was related to disproving or, I'm sorry, tending to show that the state had failed to prove these elements beyond a reasonable doubt. In the context of cross-examination at a dispositional hearing, the motive would have been to show that Respondent would have access and availability to treatment on conditional release and as to what level of dangerousness that those elements would tend to be on conditional release. Third, and my final point, is that although the state started its argument by noting that this is, that the experts relied on a number of information including the details of his crimes, the, in describing those crimes, the state went on to make no reference to the limited purpose of that evidence and, in fact, concluded its recitation of those crimes by urging the jury to rely on that information without an expert opinion and then to use the expert opinion to solidify their already, their determination as to that there must be something wrong here based on these facts. What about the fact that the trial court admonished the jury as to the evidence that was admitted for that limited purpose to base his opinion upon, as well as the final instruction of the jury at the end of the trial? Doesn't that clarify to the jury that this is not to be used as substantive evidence but merely as the part of the basis for the expert's opinion? No, Your Honor. We don't believe that that was sufficient in this case. In People v. Wheeler, the Supreme Court said that a limited instruction will not cure every error and that's precisely the case here where the state specifically urged the jury not to follow the instruction. And furthermore, the First District Appellate Court has held in Giraldi v. Giraldi v. Community Consolidated School District No. 62 that a limiting instruction in the case of describing details of sexual abuse and sexual misconduct is not always sufficient given the inherently inflammatory nature of that testimony. But that was repetitive, wasn't it? After the witness testified, it was again at the close of the evidence? The limiting instruction in this case? Yes, Your Honor. It was. It was reinforced significantly, wasn't it? It was reinforced by the trial court. However, it was detracted from by the state. Okay. Anything further, Mr. Johnson? No, Your Honors.  Thank you. Thank you. The attorney should be advised that this matter will be reviewed and will be taken under advisement.